*214 The opinion of the Court was delivered by
Wardlaw, Ch.
In this case the Commissioners, to whom a writ was directed for the assignment or assessment of the plaintiff’s dower, in a lot in this city, with instructions conforming to the Act of 1786, (4 Stat. 742), have made a return, in which they certify their opinion to the Court that the lot “can be fairly and justly divided, having regard to the true and fair value of the same,” and they assign specifically to the plaintiff the houses and most of the high land of the lot, leaving to the owner of the fee, the defendant, a much larger portion, of market value equivalent to her interest, but yielding no rent. The defendant objected to the confirmation of this return, and at her instance it was referred to one of the Masters to take evidence and report apon the facts connected with this assignment. Upon the Master’s report of the evidence, the Chancellor confirmed the return; and the appeal is from this decree of confirmation.
The defendant insists, that the specific assignment to the widow for dower of the whole improved portion of the lot yielding rent is to her “manifest disadvantage,” “having relation and regard to the true and real value of the lands in question,” and therefore contrary to the provisions of the Act of 1786. I suppose the term “ manifest disadvantage ” in this Act may well receive the legislative interpretation of them given in the Act of 1791, (5 Stat. 162,) adopting explicitly the procedure provided in the previous Act for a different subject, the partition of the estates of intestates; and may be well construed to mean “ without manifest injury .to the parties interested or some or one of them.” The Act of 1786 does not in terms refer- to the Court of Equity, but long before the Act this Court had jurisdiction as to dower, and commonly issued commissions to particular persons for its assignment. In England dower is always specifically assigned, and by the Act of 1721 this Court is directed to conform to the usages and practices of the Court in South-Britain. In this State, however, before the Act of 1786, this Court was accustomed to commute dower into its value in *215 money, and to ascertain this value on report of its proper officer, the Master: since the Act we have commonly substituted the agency of Commissioners for the Master. Whatever may be the agency, it is the Court that assigns or assesses dower. It is true that the Act does'not authorize assessment of dower until the Commissioners have determined that there cannot be specific assignment of dower, and provides that a specific assignment shall be binding and conclusive on the parties in interest. Still these general terms as to conclusiveness could not have been intended to oust or limit the judgment of the Court in supervising the acts of persons under its commission. Payne vs. Payne, Dud. Eq. 124; Beaty vs. Hearst, 1 McMul. 31; Gibson vs. Marshall, (5 Rich. Eq. 254.)
The objection suggested by the defendant would have great, perhaps irresistable force, if she were in the condition of an heir or alienee of the husband, in possession of the premises. However highly favored may be the claim of dower, sometimes absurdly classed with life and liberty, it would be an outrage to eject a party in possession from his home in favor of the widow. But here the defendant purchased after the death of the husband, with full notice of the claim of the dowress, who was in the occupation of the premises; and there is no proof that she' purchased with the view of habitation on the premises. It is clear upon the evidence that the portion left for her is equivalent in market value to her share, and is steadily appreciating. If she bought for the sake of investment of funds, and a different conclusion cannot be drawn from the evidence, full justice has been done to her. It is proved that she is poor, and without the means of filling up and building upon the portion left for her; but it is not proved that she bought with this purpose. If any specific assignment can be sustained in the case, she certainly has a right inferior to the widow to the possession of the habitable portion. Under all the circumstances of the case, we find no sufficient cause for overruling the judgment of the Commissioners and the Chancellor as to the assignment of dower to this plaintiff.
*216 It is ordered and decreed that the appeal be dismissed, and the decree affirmed.
Johnston and Dunkin, CC., concurred.
Cargan, Ch., absent at the hearing.

Appeal dismissed.